# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLA LEWIS, | : | |
| Plaintiff, | : | Case No. 3:14cv00081 |
| vs. | : | District Judge Walter Herbert Rice<br>Chief Magistrate Judge Sharon L. Ovington |
| CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration, | :<br><br>: | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon the parties' Stipulation For Award Of Attorney Fees Under The Equal Access to Justice Act (EAJA), 28 U.S.C. §2412. (Doc. #15). The parties agree that Plaintiff is entitled to an award of attorney fees under the EAJA in the total amount of $4,750.00. The parties also agree that such an award will fully satisfy any and all of Plaintiff's claims for fees, costs, and expenses under the EAJA.

Under the parties' agreement, any paid EAJA fees belong to Plaintiff and can be offset to satisfy pre-existing debt that she owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Accordingly, the Court hereby **RECOMMENDS** that:

1. The parties' Stipulation for Award Of Attorney Fees Under The Equal Access To Justice Act (Doc. #15) be accepted, and Defendant be directed to pay Plaintiff's attorney fees under 28 U.S.C. §2412 in the total amount of $4,750.00;

2. Defendant be directed to verify, **within thirty days of a Decision adopting this Report and Recommendations,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset. If no such pre-existing debt exists, Defendant be required to pay the EAJA award directly to Plaintiff's attorney; and

3. The case remain terminated on the Court's docket.

April 21, 2015

                                                    s/Sharon L. Ovington
                                                        Sharon L. Ovington
                                     Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).